IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DANIEL W. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| CHICAGO CUBS BASEBALL CLUB, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

NOW COMES Plaintiff DANIEL W. FOX, by and through his attorney, TERENCE D. BRENNAN, and pursuant to 17 U.S.C §101, *et seq.*, and for his Complaint against Defendant CHICAGO CUBS BASEBALL CLUB, LLC (the "*Cubs*") for copyright infringement and unjust enrichment, states as follows:

## INTRODUCTION

1. In 1984, Plaintiff Daniel Fox, a lifelong Cubs fan, invented a commemorative to mark his favorite team's near-run to its first World Series[1] championship since 1908. Each five-by-seven-inch rectangular commemorative (hereinafter, the "*Fox Commemorative*") held a single ivy leaf from Wrigley Field's outfield wall,[2] encased in a lucite block. Above the leaf read the title "The Year the Ivy Smiled/The 1984 Chicago Cubs." Below it was the inscription "1984 National League Eastern Division Champions" and the Cubs' official logo.

---

[1] The World Series determines the champion of the United States' highest level of professional baseball: Major League Baseball ("*MLB*"). It is a best-of-seven games series between the champion of MLB's two leagues: the American and the National. In turn, since 1969, each league has been divided into geographically-based divisions. The winners of these divisions, plus, more recently, "wild card" entries, have played off to determine each league's representative in the World Series.

[2] Wrigley Field is the Cubs' home stadium. Its outfield walls are covered in ivy.

1

2. Because the Fox Commemorative employed trademarks the Cubs owned (i.e. the Wrigley Field ivy and the Cubs logo), Fox entered into a licensing agreement (the "*Licensing Agreement*") with the team. In the agreement, the Cubs allowed him to use their trademarks in the Fox Commemorative, and he agreed to give the Cubs 10% of any future sales. The agreement also acknowledged that Fox "is the originator and owner of the promotional idea of inserting Wrigley Field ivy in lucite as a commemorative." The Fox Commemorative sold well, and the Cubs received all of the royalties due under the Licensing Agreement.

3. Over the seasons that followed, the Cubs showed periodic interest in new batches of the Fox Commemoratives. But in 2001, their interest ceased. That was when they asked Fox to help them market a "variation" Fox Commemorative – without compensating him. Despite pressure from the Cubs and their attorneys, Fox would not agree to this demand. Ultimately, the Cubs chose not to issue their "variation" Fox Commemorative. They also stopped approaching Fox about marketing future editions of his product.

4. Still, in 2015, after the Cubs finished mere games from the World Series, Fox approached the team about producing a version of the Fox Commemorative for that season. With little comment, the Cubs declined.

5. This did not end the matter.

6. In 2016, the Cubs finally won their elusive title. To honor the occasion, the team produced and sold its own encased-ivy commemorative (the "*2016 Commemorative*"). The 2016 Commemorative's similarity to the Fox Commemorative is striking. Both are rectangular blocks with similar dimensions. Both contain single ivy leaves, with the Cubs' season above the leaf and a logo below it. Both are encased in clear, acrylic material.

7. This course of events – in particular, Fox reminding the Cubs of his commemorative a year earlier - and the similarities between the products, lead to only one conclusion: The Cubs copied the Fox Commemorative and sold it as their own. Therefore, Fox brings this two-count complaint for copyright infringement and unjust enrichment against the Cubs, hoping to recoup the profits his favorite team made from his creation.

## PARTIES

8. Plaintiff Daniel W. Fox is a Michigan resident.

9. Defendant Chicago Cubs Baseball Club, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. The Cubs are the owner of the Chicago Cubs Major League Baseball team.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a) because this case arises under the Copyright Laws of the United States, 17 U.S.C §101 *et. seq.* (the "*Copyright Act*").

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over the Cubs because the Cubs' principal place of business is in Illinois and the Northern District of Illinois (the "*Northern District*"), and they engage in continuous and systematic contacts within Illinois and the Northern District. Further, the Court also has personal jurisdiction over the Cubs because they have purposefully directed their business activities to Illinois and the Northern District, and because the causes of action in this Complaint arise out of those activities.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1), 1391(b)(2) and 1400(a). At all times relevant to this Complaint, the Cubs have committed one or more of the wrongful acts complained of herein within the United States and within Illinois and the Northern District. In addition, the Cubs principal place of business is in Illinois and the Northern District.

## GENERAL ALLEGATIONS

**The First Set of Fox Commemoratives**

14. In 1984, the Chicago Cubs were closing on history. The team had not won a World Series since 1908 and had not even played in one since 1945. But the 1984 season seemed different. The Cubs led their division, the National League East, for most of the season and entered the playoffs as favorites to end their long championship drought.

15. Fox, a lifelong Cubs fan, was taken by the excitement surrounding his favorite team.

16. So as the summer progressed, he developed a commemorative to mark the historic season: the Fox Commemorative. In its finished form, the Fox Commemorative is a five-by-seven-inch rectangular sculpture based on Wrigley Field's ivy-covered walls. It features a single ivy leaf (from Wrigley Field), encased in a lucite block. Above the leaf is the title "The Year the Ivy Smiled." Below the leaf is the inscription "1984 National League Eastern Division Champions" and the Cubs official logo. (Side-by-side comparison of the Fox Commemorative and the 2016 Commemorative attached as Exhibit A).

17. Because the Fox Commemorative incorporated some of the Cubs' trademarks, Fox could not market and sell his product without a license from the Cubs. So on October 25, 1984, Fox and the Cubs entered into the Licensing Agreement, which granted him the non-exclusive right to use the Cubs' trademarks in the Fox Commemorative. In return, Fox agreed to pay the

Cubs royalties equal to "ten percent (10%) of the Net Selling Price" of all Fox Commemoratives he sold. (Licensing Agreement attached as <u>Exhibit B</u>).

18. Further, the Licensing Agreement provided that Fox "is the originator and owner of the promotional idea of inserting Wrigley Field ivy in lucite as a commemorative."

19. Fox's license expired one year after the Licensing Agreement was executed.

20. Unfortunately, the Cubs did not make the 1984 World Series. Nonetheless, the Fox Commemorative sold well, and the Cubs received all royalties due under the Licensing Agreement.

21. In 1987, and again in 1989, the Cubs approached Fox about selling more Fox Commemoratives. But neither version of the Cubs made the World Series or bettered the 1984 Cubs' finish. So the Cubs tabled the idea. The team wanted to reserve the new Fox Commemoratives for "truly memorable years."

**The Cubs plan to market a "variation" of the Fox Commemorative**

22. In August 2001, hoping a "memorable" season was afoot, Fox contacted the Cubs about reproducing the Fox Commemorative. The Cubs responded by asking him to help them market a "variation" of the commemorative.

23. As such, on September 19, 2001, John McDonough, then the Cubs Senior Vice President of Marketing and Broadcasting, called Fox to discuss the team's plan to introduce this "variation." On the call, McDonough asserted that the Cubs could sell the related commemorative without encroaching on Fox's intellectual property rights or compensating him. Fox disagreed and told McDonough that the Cubs could not use his creation without paying him or obtaining a license from him.

24. Two days later, Fox sent McDonough an email, clarifying some issues from their earlier conversation. Fox also reiterated that the Cubs could not sell a product based on the Fox

5

Commemorative without compensating him or obtaining a license. (Fox's email to McDonough attached as Exhibit C).

25. On December 6, 2001, Michael Parks, Senior Counsel for the Tribune Company, which then owned the Cubs, wrote Fox. Parks claimed the Cubs' plan to sell the "variation" Fox Commemorative would not violate Fox's intellectual property rights. Believing this statement settled the dispute, Parks closed with "[the Cubs] trust that this matter will end here." (Parks' letter attached as Exhibit D).

26. Fox responded the next day. In an email, he assured Parks that, if the Cubs acted on their plan to sell an alternative Fox Commemorative, the matter would not "end here." Rather, Fox would take legal action to vindicate his rights. (Fox's email to Parks attached as Exhibit E).

27. In the short term, the matter did end, as the Cubs did not attempt to sell an ivy-encased commemorative for the 2001 season. From this point forward, the Cubs did not raise the issue of producing additional Fox Commemoratives with Fox again.

**Fox approaches the Cubs about a set of Fox Commemoratives for the 2015 season**

28. By 2015, the Cubs were winning again, and the elusive championship seemed possible. Now retired and living in Michigan, Fox approached the team about recreating the Fox Commemorative.[3]

29. Specifically, in October 2015, he emailed Cubs Vice President of Sales and Partnerships Colin Faulkner, inquiring as to whether the Cubs would be interested in granting him a license to produce a new batch of Fox Commemoratives.

30. Roughly a week later, Faulkner responded with a short email: "Dan – [T]hanks for the note and for sharing background and the idea. This isn't something we're going to pursue at

---

[3] Eventually, the 2015 Cubs were eliminated from the playoffs in the National League Championship Series – again, falling short of the World Series.

this time but happy to stay in touch." (Fox and Faulkner's email exchange attached as Exhibit F). Neither Fox nor the Cubs followed up on the issue.

**The Cubs win the World Series and begin selling their own Fox Commemorative**

31. In November 2016, the Cubs won their first World Series in 108 years. To celebrate, the team began selling their own commemorative based on the Wrigley Field ivy: the 2016 Commemorative. The 2016 Commemorative is a rectangular sculpture, with a single ivy leaf, encased in a block of acrylic material. Above the leaf is the title "Wrigley Field/2016 Chicago Cubs." Below the leaf is a Cubs logo (though not the official logo).

32. The similarities between the 2016 Commemorative and the Fox Commemorative are many. Both are approximately the same size, with the same rectangular shape. Both employ a single ivy leaf encased in a clear acrylic block. Both place titles above the leaf that use the name "Chicago Cubs" with the corresponding season and a reference to Wrigley Field. And both insert a Cubs logo below the leaf.

33. The differences between the 2016 Commemorative and the Fox Commemorative are minimal. On the Fox Commemorative, the slogan "The Year the Ivy Smiled/The 1984 Chicago Cubs" rests above the ivy leaf. In slight contrast, the 2016 Commemorative places the title "2016 Chicago Cubs/Wrigley Field" above its ivy leaf. Below the ivy leaf, the Fox Commemorative has the Cubs logo and the phrase "National League Eastern Division Champions." The 2016 Commemorative only has a Cubs logo (though not the official logo) below its leaf. Beyond these minor differences, the two products are identical.

34. The Cubs did not contact Fox about selling 2016 Commemoratives or obtain his permission to do so. Nor have they compensated him.

35. In total, the Cubs offered 2,016 copies of the 2016 Commemorative, for $200 each. This price does not include shipping and handling charges.

**Fox has satisfied the requirements under Section 411(a) of the Copyright Act**

36. On November 9, 2018, Fox applied for registration of the Fox Commemorative with the United States Copyright Office (the "*Office*"). (United States Copyright application attached as Exhibit G). In a letter dated November 13, 2018, the Office denied a copyright for the Fox Commemorative. (Copyright Office's November 13, 2018 letter to Brennan attached as Exhibit H).

37. On January 31, 2019, Fox appealed the Office's decision. (Brennan's January 31, 2018 letter to Copyright Office attached as Exhibit I). The Office denied the appeal on June 19, 2019. (Copyright Office's June 19, 2019 letter to Brennan attached as Exhibit J).

**CAUSES OF ACTION**

**Count I**
**Copyright Infringement**

38. Fox restates and incorporates by reference paragraphs 1 through 37, as if fully stated herein.

39. The Fox Commemorative is Fox's original work of authorship. As such, he owns a copyright which grants him exclusive rights to "reproduce," "display" and sell copies of the Fox Commemorative.

40. The Cubs had access to the Fox Commemorative – first, in 1984, when it was created, second, in 2001, when they considered producing a "variation" of it, and, third, when Fox sent them a letter asking to reproduce the commemorative.

41. In 2016, the Cubs marketed and sold the 2016 Commemorative. The original elements of the Cubs' 2016 Commemorative are substantially similar to the Fox Commemorative.

8

42. Therefore, without authorization, the Cubs copied the Fox Commemorative and, in the process, infringed on Fox's copyright.

43. By selling the 2016 Commemorative, the Cubs profited from their infringement on Fox's copyright.

44. As a result of the Cubs' infringement, Fox was injured and suffered damages in an amount to be determined at trial.

45. The Cubs' infringement was willful, intentional and purposeful, and perpetrated without regard for Fox's rights. Thus, punitive damages are warranted.

WHEREFORE, Plaintiff Daniel W. Fox respectfully requests this Court enter an order

a. Finding the Cubs liable for copyright infringement;

b. Ruling that the Cubs' infringement was willful, intentional, and purposeful, and perpetrated without regard to Fox's rights;

c. Granting Fox an injunction prohibiting the Cubs from reproducing, displaying or selling the Fox Commemorative, the 2016 Commemorative or any substantially similar product;

d. Awarding Fox actual damages, in an amount to be determined at trial;

e. Awarding Fox his attorney's fees and costs;

f. Imposing punitive damages on the Cubs; and

g. Granting such other and additional relief the Court deems necessary and proper.

### Count II
### Unjust Enrichment
### (In the Alternative)

46. Fox restates and incorporates by reference paragraphs 1 through 45, as if fully stated herein.

47. To create the 2016 Commemorative, the Cubs copied the Fox Commemorative.

48. The Cubs sold several copies of the 2016 Commemorative. As such, the Cubs earned profits from selling items based on Fox's product.

49. The Cubs retained the profits from selling 2016 Commemoratives. As such, the Cubs retained a benefit from these sales. The benefit was unjust because it was based on Fox's product.

50. Allowing the Cubs to retain a benefit based on Fox's product would violate fundamental principles of justice, equity, and good conscience.

51. As a result of the Cubs earning profits based on his creation, Fox was injured and suffered damages in an amount to be determined at trial.

52. The Cubs' conduct was willful, intentional and purposeful, and perpetrated without regard for Fox's rights. Thus, punitive damages are warranted.

WHEREFORE, in the alternative to his Count I, for copyright infringement, Plaintiff Daniel W. Fox respectfully requests this Court enter an order

    a. Finding the Cubs liable for unjust enrichment;

    b. Ruling that the Cubs' unjust enrichment was willful, intentional, and purposeful, and perpetrated without regard to Fox's rights;

    c. Awarding Fox actual damages, in an amount to be determined at trial;

    d. Awarding Fox his attorney's fees and costs;

    e. Imposing punitive damages on the Cubs; and

    f. Granting such other and additional relief the Court deems necessary and proper.

Respectfully submitted,

DANIEL W. FOX

By: ___/s/ Terence D. Brennan_____
One of his Attorneys

Terence D. Brennan
1437 North Park Avenue
Chicago, Illinois 60610
312-550-1085
terry@terrybrennanlaw.com